**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| WILLIAM ROSCOE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-461-DCN -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WILLIAM L. EAGLETON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, William Roscoe Smith ("Smith"), is an inmate with the South Carolina Department of Corrections serving a sentence of 25 years imprisonment for arson in the first degree and 5 years consecutive for attempted arson for a total of 30 years. Smith also received concurrent sentences for three other attempted arsons, malicious injury to personal property, and burning crops, fuel, or lumber. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 25, 2011. Respondent filed a return and motion for summary judgment on August 5, 2011. Because Smith is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 8, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Smith filed his response to Respondent's motion on September 8, 2011.

**Background and Procedural History**

The charges against Smith arose out of a series of fires set at Clement Lumber Company in Spartanburg, South Carolina on June 11, 1997. The fires caused substantial damage. Investigators found a large hole cut in the chain link fence surrounding the lumber company and a cigarette butt in close proximity to the hole. The investigation led to Smith and he was arrested on June 19, 1997.

At trial, expert testimony linked DNA on the cigarette butt to Smith. Smith was represented by Andrew J. Johnston, Esquire.

### 1. Direct Appeal

Smith was represented by the South Carolina Office of Appellate Defense on direct appeal. An issue was raised relating to the first degree arson indictment based on a change in the arson statute, S.C.Code Ann. § 16-11-110, which became effective the day after the fires at Clement Lumber Company:

> Whether the indictment for arson in the first degree should have been quashed when the new statute became effective after the violation, but before the trial, and it did not contain a savings clause and was broad enough in scope to repeal the older statute?

The South Carolina Court of Appeals affirmed Smith's conviction. *See* Smith v. State, 2001-UP-495 (Ct.App. filed November 14, 2001). Smith's *pro se* motion for a rehearing was denied. He did not seek review by the South Carolina Supreme Court.

### 2. PCR

Smith filed an application for post-conviction relief ("PCR") on May 20, 2002, asserting ineffective assistance of appellate counsel. A hearing was convened on January 13, 2004. Smith continued to be represented by Mr. Johnston. The hearing went forward but it was left open to allow Smith to later raise issues of ineffective assistance of trial counsel. On March 12, 2004, the PCR court filed an order bifurcating the PCR, appointing new counsel, and continuing the matter to allow new counsel to proceed on any issues of ineffective assistance of trial counsel. (App. 673).

A second evidentiary hearing was held on February 14, 2006. (App. 676). Smith was represented by David M. Collins, Jr., Esquire. Smith, his father, James Albert Smith, and Thomas

H. Ivey testified.[1] Mr. Johnston was called as a witness by the State. The PCR court filed a comprehensive order dismissing the PCR action on February 13, 2007 addressing the following claims:

    A.    Ineffective Assistance of Trial Counsel

        1. Failure to Investigate and Locate Witnesses

        2. Failure to Call Applicant's Father as an Alibi Witness

        3. Failure to Challenge the State's Arson Expert

        4. Failure to Challenge Applicant's Identification on Video Tape

        5. Failure to Object to Picture of Cigarette Butt

        6. Failure to Move to Change Venue

        7. Failure to Object to Jury Charges

    B.    Ineffective Assistance of Appellate Counsel Failure to argue that trial court erred in denying the motion for directed verdict on the first degree arson because the statute was vague and unconstitutional.

(App. 750-762).

Smith's *pro se* motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP was denied on August 21, 2007. (App. 763).

Smith filed a *pro se* petition for writ of certiorari raising the following issues:

[A] Did the PCR court Err in It's Conclusions Of Law And Should Have Granted Relief On The Claims Involving "Ineffective Assistance Of Trial Counsel"?

---

[1] Mr. Ivey was a retired firefighter. The court allowed a proffer of his testimony relating to his opinions as to the origin and causes of the fires at Clement Lumber Company. Mr. Ivey admitted that he was not a qualified arson investigator. (App. 711-733).

3

        (1)  <u>Failure To Investigate</u> [And] Challenge Identification?

        (2)  <u>Failure To Investigate</u> [And] Challenge The State's Arson Expert(s)?

        (3)  <u>Failure To Investigate</u> [And] Challenge The Acquisition Of An Item Of Evidence Containing D.N.A.?

        (4)  <u>Failure To Object</u> To The "Circumstantial Evidence" Charge Given By The Trial Judge To The Jury?

        (5)  <u>Failure To Motion</u> For A Change Of Venue?

[B]    Did the PCR Court Err In It's Conclusions Of law And Should Have Granted Relief On The Claims Related To "Ineffective Assistance Of Appellate Counsel"?

The petition for writ of certiorari was denied by the South Carolina Supreme Court on April 10, 2010. The Remittitur was returned on May 11, 2010.

## Grounds for Relief

In his initial petition filed in this Court on February 25, 2011, Smith asserted the following claims:

**Ground One**:    First degree arson statute, with no bodily injury or death.

    A. Petitioner was tried and convicted of arson first degree under the 1996 version of the statute whereas only building had to be destroyed to be first degree, but legislature saw where they put a third degree arson statute for first degree arson.

**Ground Two**:    State had no evidence that fire was intentionally set.

    A. The state only used half the statute, the first half that helped them, and the Supreme Court says you cannot use half a statute.

In his amended petition filed March 29, 2011, Smith restated his claims:

    I. First Degree Arson:

> A. Arson in the first degree of the 1996 version did not add that serious bodily injury or death must occur. But the legislators saw where they made first degree arson and third degree arson the same where there is no injury or death occurred, so it would be third degree arson. Because the second statute took effect after the alleged acts, court had no jurisdiction to try (Smith) on first second or third arson.

> II. Argued that SLED never took picture of alleged cigarette butt that was supposed to have been found at hole in fence, not at crime scene. Appellate counsel never argued that statute was unconstitutionally vague.

> III. Smith, mailed a notarized copy of statement written by defense witness. Also fishing license which would prove the state witness was lying, information was mailed from Spartanburg County Detention Center, but counsel claims he never got it.

> IV. Trial counsel failed to call "Smith's" father as alibi witness. Also failed to state father was a Baptist preacher.

## Discussion

As outlined above, Smith challenged the amended arson statute on direct appeal and raised claims of ineffective assistance of trial counsel and appellate counsel in his PCR appeal. Insofar, as Smith raises arguments that differ from his appeals in the present petition, his claims are procedurally barred. *See* 28 U.S.C. § 2254(b) and O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Therefore, the undersigned will address Smith's claims relating to his challenges to the arson statute and his claims of ineffective assistance of counsel.

**1. Standard of Review**

Since Smith filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.),

*cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

### 2. Arson Statute (Ground 1)[2]

The only issue raised by counsel on direct appeal was whether the trial court erred in denying Smith's motion to quash the first degree arson indictment returned against Smith. Smith was indicted for first degree arson under the statute which was in effect on the day the arson occurred and second degree arson under the version which became law the day after the fires. At trial, counsel argued that both indictments should be quashed because the new statute did not contain a savings clause and, therefore, the trial court lacked subject matter jurisdiction. (App. 28). After argument, the trial court quashed the indictment for second degree arson, but denied the motion to quash the indictment for first degree arson. The South Carolina Court of Appeals recognized that under state law a criminal defendant may not be convicted under a repealed statute when the repealing act does not contain a "savings clause." However, a pending prosecution may continue under an amended statute. The Court of Appeals analyzed state law and determined that the legislature had amended, and not repealed, the arson statute and agreed that the trial court did not err in refusing to quash the indictment for first degree arson.

Smith has presented questions of statutory interpretation under South Carolina law in his challenges to the arson statute in the present petition. Habeas relief is available to state prisoners "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

---

[2]The grounds referred to herein are the grounds stated in Smith's amended petition for writ of habeas corpus.

United States." 28 U.S.C. § 2254(a). This Court does not review state court decisions relating to state court issues. Estelle v. McGuire, 502 U.S. 62 (1991).

### 3. Ineffective Assistance of Counsel

The PCR court addressed several claims of ineffective assistance of counsel which were raised and reviewed by the South Carolina Supreme Court on appeal. Even though Smith does not state his remaining grounds as claims of ineffective assistance, they will be analyzed on that basis.

#### a. Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

> * * *
>
> > [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

### (1) Cigarette Butt (Ground 2)

A critical piece of evidence which was recovered from the crime scene was a cigarette butt containing Smith's DNA. The PCR court addressed Smith's claim that counsel was ineffective for failing to object to a picture of the cigarette butt. (App. 758). Actually there was no specific photograph of the location of the cigarette butt when it was found. SLED Agent Ross testified that he recovered the cigarette butt in close proximity to the hole which had been cut in the chain link fence surrounding the property. He used an enlarged photograph of the area to show the jury the location at which he had found the cigarette butt. (App. 153-154). There was no objection to the introduction of the enlarged photograph nor the cigarette butt. The PCR court found that since

the enlarged photograph "was merely cumulative to the testimony of the SLED agent who located the cigarette butt at the scene," Smith could not have been prejudiced. (App. 758).

In his *pro se* petition for writ of certiorari following dismissal of his PCR, Smith asserted that counsel was ineffective for failing to object to the actual introduction of the cigarette butt. He appears to continue this argument in his present petition. Essentially, he argues that the authorities must have "planted" the cigarette butt after his arrest because he was not at the crime scene and there was no photograph or other corroboration of Agent Ross' testimony. Alternatively, Smith suggests that independent DNA testing would have been useful in cross-examining the DNA expert presented by the State. (Petition for Writ of Certiorari, pp. 15-19).

The undersigned construes Smith's present claim to be a claim of ineffective assistance of trial counsel for failing to adequately cross-examine Agent Ross and the DNA expert. There is a "strong presumption" that trial counsel's "conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689. Inadequate cross-examination will rarely be the basis for a finding of ineffective assistance of counsel. Courts recognize that "most attorneys make some mistakes during cross-examination." Hunt v. Nuth, 57 F.3d 1327, 1333, n.4 (4th Cir. 1995), *cert. denied*, 516 U.S. 1054 (1996). In Hunt, the prisoner presented experts at his PCR hearing to criticize trial counsel's cross-examination. The Fourth Circuit accepted the PCR court's finding that the experts' criticisms "constitute a grading of the quality of counsel's cross-examination. None of the suggested errors or omissions are of such a magnitude as to place the conduct outside of prevailing professional norms." Id.

Smith produced no evidence at the PCR hearing to support his speculation that Agent Ross lied about finding the cigarette butt or the DNA expert's opinion as to the source of the DNA on the cigarette butt.

(2) Failure to Locate Witnesses (Ground 3)

Smith asserts that trial counsel was ineffective for adequately failing to investigate his case. Specifically, he argues that he asked Mr. Johnston to find and present two witnesses, "Fish" (FNU, LNU) and Joseph Lee Anderson. This claim was addressed by the PCR court which found that Smith could not give any specific name to "Fish" and that counsel attempted to subpoena Anderson but could not locate him. (App. 753-754).

Smith also argues that prior to trial he sent counsel a copy of a notarized statement from Anderson who allegedly took Smith home on the night of the fires. This would have supported his alibi defense (*see* discussion below). Last, Smith argues that he sent counsel a copy of a fishing license which would have been used to impeach a witness who identified Smith from a surveillance video taken at a convenience store. According to Smith, the fishing license would have shown that he was at another place a week after the crimes when a store clerk identified him from a surveillance tape as the man who was at the store buying gas on the night of the fires.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of

evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.

At the PCR hearing, Smith did not present evidence to support his claims. He did not have Fish or Anderson testify. Further, he did not introduce copies of the statement or the fishing license. The PCR court's ruling that Smith failed to establish prejudice was not contrary to, or an unreasonable application of, the Strickland standard.

### (3) Alibi Witness (Ground 4)

Smith presented an alibi defense at trial. Even though he did not testify in his defense, Smith presented the testimony of his mother who testified that he was at her home in Union County at the time of the fires. (App. 529). In his PCR, Smith asserted that trial counsel was ineffective for failing to call his father as a witness. At the PCR hearing Smith's father testified and supported the alibi testimony given at trial. (App. 705). Trial counsel did not have a clear recollection but testified, "perhaps I felt the mother was a more effective witness or that the father was, would duplicate, would have duplicated, her testimony." (App. 738). The PCR court found that the testimony of Smith's father was not credible and was cumulative to that of his wife. (App. 755).

Generally, the failure to investigate and present alibi witnesses supports a claim of ineffective assistance of counsel. At the PCR hearing, the petitioner must present evidence establishing what

the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

The testimony of Smith's father at the PCR hearing, supports trial counsel's recollection that his testimony was inferior to that of his wife. Smith's father testified that he was asleep when his son came home, that he heard Smith and his mother talking, but did not actually see him. The PCR court noted that even if the testimony of Smith's father was credited, he could not establish an alibi because Smith's father went back to sleep long before the fires started. (App. 755).

The ruling of the PCR court was not contrary to, or an unreasonable application of, the Strickland standard.

### 4. Ineffective Assistance of Appellate Counsel

Appointed counsel need not raise every non-frivolous issue on direct appeal even if requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). The Strickland standard applies equally to appellate counsel. Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989).

Smith alleged in his PCR that counsel on direct appeal should have raised an alternative ground raised by trial counsel, i.e., the court should have granted Smith's motion to quash the first degree arson indictment because the older statute was vague and unconstitutional. Trial counsel argued that under the statute the elements of first degree arson and third degree arson were essentially the same. The trial court denied Smith's motion finding that while the statute was not artfully drawn there was a distinction between first and third degree arson. First degree arson required destruction of a building, while third degree arson required a burning without complete destruction. The court charged first degree arson and third degree arson as a lesser included defense. (App. 505-513).

On direct appeal counsel only raised the issue of repeal for lack of a savings clause in the new statute discussed above. In the PCR process, Smith argued that appellate counsel should have also raised the issue that the arson statute under which Smith was convicted was unconstitutionally vague. Appellate counsel testified at the PCR hearing. (App. 660). The PCR court found that "appellate counsel used reasonable professional judgment in determining which issue to argue on appeal." (App. 760). The PCR court also determined that Smith could not show prejudice because the vagueness issue was without merit and stating, "the [arson] law clearly applied to Applicant's conduct, and applicant also failed to prove the statute was unconstitutional," citing State v. Curtis, 356 S.C. 622, 591 S.E.2d 600 (2004).

The PCR court's ruling was not contrary to, or an unreasonable application of, the Strickland standard.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
January 11, 2012

**The parties are referred to the Notice Page attached hereto.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).